**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff-Respondent,<br><br>  v.<br><br>EDDIS DAVENPORT,<br><br>  Defendant-Petitioner. | Case No. CV 19-6695 FMO<br><br>Case No. CR 15-0529 FMO<br><br>**ORDER RE: MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT A SENTENCE** |

Having reviewed and considered all the briefing filed with respect to Eddis Davenport's ("defendant") Motion [] to Vacate, Set Aside, or Correct a Sentence [] (Dkt. 1, "Motion"),[1] the court finds that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78(b); Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

## **BACKGROUND**[2]

In December 2016, pursuant to a plea agreement and following a complete plea colloquy before the court, defendant pled guilty to a two-count indictment, which charged him with conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349, and aggravated identity theft,

---

[1] Because the record for this Motion involves filings in both the civil action, Case No. CV 19-6695, as well as in the underlying criminal action, Case No. CR 15-0529, citations to "Dkt." shall refer to the civil docket and citations to "CR Dkt." shall refer to the criminal docket.

[2] Because the parties are familiar with the facts of this case, the court will discuss them here only as necessary. Capitalization, quotation and alteration marks, and emphasis in record citations may be altered without notation.

in violation of 18 U.S.C. § 1028A.  (See CR Dkt. 64, Plea Agreement for Defendant Eddis Davenport ("Plea")); (CR Dkt. 67, Court's Order of December 16, 2016); (CR Dkt. 94, Judgment and Probation/Commitment Order ("Judgment")).  In March 2018, after briefing and argument in which defense counsel maintained that defendant's criminal history was overstated, (see CR Dkt. 79, Government's Sentencing Position []); (CR Dkt. 88, Defendant Davenport's Sentencing Memorandum ("Defendant's Position")); (CR Dkt 91, Government's Reply []), the court sentenced defendant to 67 months in custody to be followed by three years of supervised release.  (See CR Dkt. 94, Judgment).  Defendant appealed to the Ninth Circuit, which dismissed his appeal.  (See CR Dkt. 112, Memorandum of U.S. Court of Appeals).

On November 23, 2020, the court granted defendant's motion for compassionate release, (see CR Dkt. 125, Emergency Motion []), and reduced defendant's sentence from 67 months to time-served, followed by three years of supervised release including 12 months of home confinement.  (See CR Dkt. 142, Court's Order of November 23, 2020).  In addition, on November 5, 2021, the court granted defendant's motion for early termination of supervised release.  (See CR Dkt. 146, Unopposed Motion for Early Termination of Supervised Release []); (CR Dkt. 147, Court's Order of November 5, 2021).

Before the court is defendant's challenge to his conviction and sentence under 28 U.S.C. § 2255 ("§ 2255").  Defendant raises three grounds in his Motion:  (1) ineffective assistance of counsel for failing to challenge defendant's innocence for aggravated identity theft because he did not use the identification of a real person to commit his crime; (2) ineffective assistance of counsel for failing to challenge his criminal history calculation in the Presentence Report ("PSR") because defendant's prior felonies had been reduced to misdemeanors; and (3) violation of the Eighth Amendment because the PSR took into account defendant's criminal history points.  (See Dkt. 1, Motion).

## LEGAL STANDARD

Under 28 U.S.C. § 2255, a federal prisoner may file a motion to vacate, set aside or correct a sentence on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that

the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).  To obtain relief through a § 2255 motion, "a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166, 102 S.Ct. 1584, 1593 (1982).  "If a petitioner does not allege lack of jurisdiction or constitutional error, an error of law will not provide a basis for habeas relief unless that error resulted in a complete miscarriage of justice or in a proceeding inconsistent with the rudimentary demands of fair procedure."  Hamilton v. United States, 67 F.3d 761, 763–64 (9th Cir.1995) (internal quotations omitted).  Finally, a hearing need not be granted to a prisoner on a § 2255 motion if the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b); see United States v. Leonti, 326 F.3d 1111, 1122 (9th Cir.2003) (no evidentiary hearing required absent "issues of fact whose resolution could have led to" a finding that petitioner is entitled to relief).

## DISCUSSION

I. INEFFECTIVE ASSISTANCE OF COUNSEL.

To succeed on an ineffective assistance of counsel claim, a convicted defendant must show two things. See Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984). First, counsel's representation of the defendant must have fallen "below an objective standard of reasonableness."  See id. at 688-89, 104 S.Ct. 2064-65 (noting that, because of the inherent difficulties of making this evaluation, "[j]udicial scrutiny of counsel's performance must be highly deferential").  Second, "the defendant must show that the deficient performance prejudiced the defense."  Id. at 687, 104 S.Ct. 2064.  An ineffective-assistance-of-counsel claim will fail unless both prongs are established; indeed, in assessing such a claim, courts need not address both prongs if the defendant makes an insufficient showing on either one.  See id. at 697, 104 S.Ct. 2069 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed.").

/ / /

/ / /

  A. <u>Whether Defense Counsel Improperly Failed to Challenge Defendant's Use of a Real Person's Identification</u>.

Defendant first argues that "[t]he evidence and facts do not support the offense for which Movant was charged. Movant does not meet the elements of Aggravated Identity Theft. The identification's number does not belong to a real person, and therefore, is not included in the statute for which Movant pled guilty. In other words, there is no connection to establish 'a means of identification of another person.'" (Dkt. 1, Motion at 4). The court is not persuaded.

Defendant admitted in his plea agreement that he, "impersonating victim D.C.L., used the personal identifying information ('PII') of D.C.L., including name, date of birth, and social security number, to open a U.S. Bank account ending in number 9289, at a U.S. Bank branch in Goodyear, Arizona, without D.C.L.'s consent, knowledge, or authorization. <u>Defendant knew that D.C.L. was a real person</u> and defendant used D.C.L.'s PII with the intent to defraud a federally insured bank." (CR Dkt. 64, Plea at 7) (emphasis added). This admission was repeated on the record at defendant's change of plea hearing. (<u>See</u> CR Dkt. 105, Transcript of December 16, 2016 Hearing). Although the bank account did not belong to a real person, (<u>See</u> Dkt. 5, Government's Opposition [] ("Opp.") at 13), that is immaterial to whether defendant committed the offense at issue, as 18 U.S.C. § 1028A requires that a defendant use "a means of identification of another person[,]" not that the subject of the underlying offense – in this case, conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349 – involve a real person's property. <u>See</u> 18 U.S.C. § 1028A. Thus, failure to raise this argument did not amount to ineffective of counsel, for the argument was without merit, and defendant suffered no prejudice. <u>See</u> <u>Shah v. United States</u>, 878 F.2d 1156, 1162 (9th Cir. 1989) ("The failure to raise a meritless legal argument does not constitute ineffective assistance of counsel.") (internal quotation marks and citation omitted); <u>Wilson v. Henry</u>, 185 F.3d 986, 991 (9th Cir. 1999) (failure to move for a new trial was not ineffective assistance of counsel where motion would not have succeeded).

/ / /

/ / /

B.  **Whether Defense Counsel Improperly Failed to Challenge the PSR's Criminal History Calculation**.

Next, defendant argues that "[e]ven though the federal probation department was made aware of [defendant] having received several reductions of prior felonies to misdemeanors pursuant to Proposition 47, it unilaterally decided to ignore the reductions when recommending a sentence." (Dkt. 1, Motion at 5). According to defendant, "[a]t this point, it was incumbent upon counsel to object to the Probation Department's recommendation and to move the Court for a ruling requiring the reductions be considered when [defendant] was sentenced. Counsel in the instant action failed to take any action and allowed the imposition of the excessive sentence." (Id.).

Here, defendant can show neither errors by his counsel, nor prejudice. Defense counsel raised this argument in defendant's sentencing papers, which argued that "a category VI overstates the egregiousness of Davenport's criminal history in light of the age of those convictions and the reduction of two of his felonies to misdemeanors due to a change in California state law." (CR Dkt. 88, Defendant's Position at 8). Defense counsel explained each reduction and urged the court to reconsider defendant's criminal history category. (See id. at 9). Defense counsel again raised this argument at defendant's sentencing hearing. (See Dkt. 107, Transcript of March 8, 2019 Hearing at 7-8). Given that defense counsel did precisely what defendant now claims he did not do, defendant has not shown that his counsel committed any error. Further, even if defense counsel had failed to raise this argument, the court is not persuaded that defendant would have suffered any prejudice, for criminal history categories are calculated based on the maximum term imposed by previous sentences, not whether those sentences were classified as felonies or misdemeanors. See U.S.S.G. § 4A1.1(e), Commentary ("To minimize problems with imperfect measures of past crime seriousness, criminal history categories are based on the maximum term imposed in previous sentences rather than on other measures, such as whether the conviction was designated a felony or misdemeanor.").

///

## II. EIGHTH AMENDMENT CLAIM.

Finally, defendant argues that "[t]he PS[R] Report submitted to the Court at the time of sentencing showed that [he] was assessed 3 points for a March 31, 1994 conviction. [Defendant] was sentenced in March 2018[, and the] Sentencing Guidelines provide that no conviction can be considered for enhancement if beyond 15 years. . . . Therefore, there was no nexus allowing the government to reach beyond the 15 year statute in order to count this prior conviction[.]" (Dkt. 1, Motion at 7). Defendant argues that this improper calculation violated the Eighth Amendment's prohibition against excessive punishment. (See id. at 6-8).

The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const., Amend. VIII. The final clause prohibits not only barbaric punishments, but also sentences that are disproportionate to the crime committed. See Solem v. Helm, 463 U.S. 277, 284, 103 S.Ct. 3001, 3006 (1983). A court's proportionality analysis under the Eighth Amendment should be guided by objective criteria, including: (i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions. Id. at 292, 103 S.Ct. 3011. In making these determinations, courts give substantial deference to legislative determinations about appropriate sentences as evidenced by statutory maximums and the Federal Sentencing Guidelines. See United States v. Kinsey, 843 F.2d 383, 392 (9th Cir. 1988), overruled on other grounds by United States v. Nordby, 225 F.3d 1053 (9th Cir. 2000) ("Sentencing which falls within statutory limits is not subject to appellate review absent an abuse or abdication of discretion.").

Here, the statutory maximum for defendant's conviction of conspiracy to commit bank fraud was 30 years. See 18 U.S.C. §§ 1344, 1349. Additionally, the low-end of defendant's Federal Sentencing Guidelines range was 81 months, see U.S.S.G. § 5A, given that the PSR calculated an offense level of 18 and a criminal history score of VI. (See CR Dkt. 73, PSR at 7-8). Whether defendant's criminal history score was calculated as 18, as the PSR did, (see id.), or 13, as defendant urges, (see Dkt. 1, Motion at 7-8), would not have altered the guidelines range. See U.S.S.G. § 5A. Finally, given that defendant's sentence of 67 months fell substantially below both

the statutory maximum and the minimum of the guideline range, the court is not persuaded that defendant's sentence was disproportionate or violative of defendant's Eighth Amendment rights.

Finally, the court is not persuaded that defendant's March 31, 1994, conviction should not have been counted. The 15-year window that defendant refers to concerns the period of time between the end of a defendant's incarceration and the beginning of a defendant's offense conduct. See U.S.S.G. 4A1.1(a), Application Notes (counting "fifteen years prior to the defendant's commencement of the instant offense"). Here, defendant was released for his March 31, 1994, conviction after several parole violations on December 1, 2000. (See CR Dkt. 73, PSR at 10). The offense in the underlying criminal case began in May 2014. (See CR Dkt. 64, Plea at 7). Because the period of time from December 1, 2000, and May 2014, is less than 15 years, the March 31, 1994, conviction was properly counted by the PSR and the court.

**This Order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

### CONCLUSION

Based on the foregoing, IT IS ORDERED THAT:

1. Defendant's Motion **(Document No. 1)** is **denied**.

2. Judgment shall be entered accordingly.

Dated this 20th day of June, 2023.

/s/
Fernando M. Olguin
United States District Judge